**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NISHAN SINGH,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 14-73398<br><br>Agency No. A200-997-667<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2018[**]
Seattle, Washington

Before:  TASHIMA and GRABER, Circuit Judges, and MIHM,[***] District Judge.

Nishan Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We deny the petition.

1. Substantial evidence supports the IJ's adverse credibility determination, which rested on significant inconsistencies in the record (among other reasons). For example, Petitioner testified that he and his mother were home alone when Punjab police arrested him.  But Petitioner submitted affidavits completed by family friends in which those friends stated that they were present at Petitioner's home when he was arrested.  Those inconsistencies are not "trivial." Shrestha v. Holder, 590 F.3d 1034, 1044 (9th Cir. 2010).  They bear on Petitioner's account of his arrest, which is the central event on which Petitioner rests his claim of past persecution.  Petitioner was given an adequate opportunity to explain the inconsistencies. Soto-Olarte v. Holder, 555 F.3d 1089, 1092 (9th Cir. 2009).  His argument that the conflicting statements in the affidavits resulted from errors in translation is unavailing.  Petitioner had the opportunity to review the affidavits before submitting them and did nothing to clarify the inconsistencies.  Because the IJ's adverse credibility determination was permissible, we deny the petition as it pertains to Petitioner's claims for asylum and withholding of removal.

2.  Substantial evidence supports the BIA's denial of Petitioner's CAT claim.  On this record, the BIA permissibly held that Petitioner failed to show that it was more likely than not that he would be tortured by or with the acquiescence of the Indian government.  <u>Silaya v. Mukasey</u>, 524 F.3d 1066, 1073 (9th Cir. 2008).

**Petition DENIED.**